## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03338-NYW

DEREK MORTLAND,

      Plaintiff,

v.

RLJ II – C LONGMONT, LLC,

      Defendant.

---

## ORDER GRANTING MOTION TO COMPEL
## RULE 34 INSPECTION

---

Magistrate Judge Nina Y. Wang

      This matter comes before the court on Plaintiff's Motion to Compel Rule 34 Inspection of Dispersion of Disabled Rooms and for Sanctions [#20] filed on July 17, 2015. The case is before the undersigned Magistrate Judge pursuant to consent of the Parties. [#14, # 16]. On July 14, 2015, the Parties were before the court on an informal discovery conference related to Plaintiff's request to inspect not only the two-bedroom accommodation in which he previously stayed ("Room 109") for potential violation of the Americans with Disabilities Act ("ADA"), but also a one (1) bedroom disabled guestroom, and any disabled suite. [#19]. At that time, the court ordered limited briefing on the issue, with Plaintiff filing a Motion to Compel no later than July 17, 2015, and Defendant responding on or before July 24, 2015. [*Id.*] Defendant did not file a response to the Motion to Compel on July 24, 2015, nor has it filed any response to date.

      Federal Rule of Civil Procedure 26(b)(1) authorizes discovery of "any nonprivileged

matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." This Rule permits "party-controlled" discovery "regarding any non-privileged matter that is relevant to the claim or defense of any party" and "court-permitted" discovery upon a showing of good cause of "any matter relevant to the subject matter involved in the action." *In re Cooper Tire & Rubber Co.,* 568 F.3d 1180, 1188 (10th Cir. 2009). Relevancy is broadly construed, and a request for discovery should be considered if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *See, e.g., Sheldon v. Vermonty,* 204 F.R.D. 679, 689-90 (D. Kan. 2001).

However, all discovery is subject to the proportionality limitations imposed by Rule 26(b)(2)(C). *See* Fed. R. Civ. P. 26(b)(1). Therefore, while the court may order discovery of any matter relevant to the issues involved in the action, it "must limit the frequency or extent of discovery" under certain circumstances. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii) (emphasis added). It is incumbent upon the court to consider how much discovery is reasonable in a given case in light of the claims and defenses asserted, the significance of the discovery sought to the propounding party, and the costs and burden to the producing party. *See id.*

The court is persuaded by the case law cited by Plaintiff that inspection of a one-bedroom disabled bedroom and any disabled suite, along with inspection of Room 109, is reasonably calculated to lead to admissible evidence to support the allegations as set forth in his Complaint that Defendant's buildings and facilities fail to comply with the ADA. [#1]. In addition, Defendant has offered no evidence to lead the court to conclude that the discovery is not relevant

or is overly burdensome. Therefore, the court orders that the site inspection pursuant to Rule 34 include inspection of a one-bedroom disabled bedroom and any disabled suite.

In addition, pursuant to Rule 37(a)(5)(A), the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Defendant had notice that Plaintiff was seeking attorney's fees and costs associated with the filing of this Motion, but has chosen not to respond or explain how its position was substantially justified. Therefore, on the record before it, the court finds no exception to the direction of Rule 37(a)(5)(A), and orders Defendant to pay the reasonable expenses associated with making this Motion, including attorney's fees.

## CONCLUSION

For the reasons set forth herein, IT IS ORDERED that:

(1)     Plaintiff's Motion to Compel Rule 34 Inspection of Dispersion of Disabled Rooms and for Sanctions [#20] is GRANTED;

(2)     Defendant is ORDERED to make available Room 109, a one-bedroom disabled guestroom, and any disabled suite (if available);

(3)     Plaintiff's request for reasonable expenses is GRANTED; and

(4)     Plaintiff will submit an application for reasonable expenses, including attorney's fees, for the court's consideration no later than August 10, 2015, to which Defendant will have an opportunity to respond no later than August 24, 2015.

DATED: July 28, 2015                                         BY THE COURT:

4

s/ Nina Y. Wang
Nina Y. Wang
United States Magistrate Judge