**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03338-NYW

DEREK MORTLAND,

      Plaintiff,

v.

RLJ II – C LONGMONT, LLC,

      Defendant.

---

**ORDER GRANTING ATTORNEY FEES ASSOCIATED WITH
THE MOTION TO COMPEL**

---

Magistrate Judge Nina Y. Wang

      This matter comes before the court on Plaintiff's Motion for Application of Attorney's Fees ("Motion for Attorney's Fees") [#22] filed on August 10, 2015, arising from this court's grant of Plaintiff's Motion to Compel Rule 34 Inspection. [#21]. In that Order, the court awarded Plaintiff costs associated with the filing of the motion, including reasonable attorney's fees, due to Defendant's failure to respond to the motion and provide any substantial justification for opposing Plaintiff's request in the first instance. [*Id.* at 3]. Pursuant to the court's direction, Plaintiff filed the instant Motion for Attorney's Fees, seeking an award of fees in the amount of $7,395.00, based on the expenditure of 17.40 hours. Defendant did not respond or otherwise object by August 24, 2015, as directed by the court's Order. [*Id.*]

**STANDARD OF REVIEW**

In calculating a reasonable attorney's fee, I apply the lodestar principles stated in *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonable hourly rate." *Id.* (internal quotations and citation omitted).

**ANALYSIS**

**I.      Reasonable Time Expended**

The first step in calculating a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees. The burden of proof lies with the prevailing party seeking fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).   In determining what is a reasonable time in which to perform a given task, an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Reg'l Dist. Council v. Mile High Rodbusters, Inc*., 82 F. Supp. 3d 1235, 1246 (D. Colo. 2015) (citing *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983) (overruled on other grounds by *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987))).   The court then exercises its discretion to determine whether the attorney exercised appropriate billing judgment.   *Reg'l Dist. Council.*, 82 F. Supp. 3d at 1245.   Once the lodestar is established, the court may adjust upward or downward to account for the specific factors presented by the case.   *Id.*

In conjunction with the Motion for Fees, counsel for Plaintiff, John P. Fuller ("Plaintiff's counsel" or "Mr. Fuller"), has submitted a detailed billing statement and certified the time records as part of the Motion.  [#22 at 6; #22-1].  It appears that the requested fees are a subset of the total billing statement, and are reflected within the body of the Motion.  [#22 at 2-3].  While Mr. Fuller did not support the Motion for Fees with an affidavit as required by the Local Rules of Civil Practice for this District, D.C.COLO.LCivR 54.3, this court will construe the certification of Motion by Mr. Fuller as sufficient in this instance.[1]  The court now turns to the substance of the Motion for Fees.

As an initial matter, the court finds that Mr. Fuller's correspondence with Denver counsel, Kara Edmunds, regarding the methodology to follow on a Motion to Compel and Motion to Amend (July 8, 2015, .2 hours) is not recoverable.  Counsel who appear before this District are required, as an inherent part of their practice, to understand and abide by the Federal Rules of Civil Procedure as well as the Local Rules of Civil Practice.  D.C.COLO.LAttyR 3(b)(2).  In that same vein, while communication with a client is a necessary part of the role of an attorney, in this case there were no factual issues related to the Motion to Compel that required the client's participation.  Therefore, the time expended to confer with Plaintiff on July 7, 2015 (.2 hours) is also not recoverable.

In addition, any communication with court staff and opposing counsel (July 8, 2015, .2 hours; July 13, 2015, .3 hours) to coordinate an informal discovery conference could only be properly considered administrative in nature, and accordingly, costs and fees associated with such communication are not recoverable.  *See J&J Sports Productions, Inc. v. Rosales*, Civil

---

[1] Counsel is advised, however, that any future motions for attorney's fees must be supported by an affidavit.

Action No. 07-cv-01110-RPM-MEH, 2008 WL 596104, at *7 (D. Colo. Jan. 8, 2008).  Plaintiff's counsel has also claimed .4 hours for "Joint telephone conference with Court on issue of permissible extent of Plaintiff's Rule 34 inspection (initially jointly called Court, called back later for hearing).  [#22 at 3].  The Courtroom Minutes from the telephonic discovery conference reflects that the conference itself took 11 minutes, or .2 hours.  Therefore, the court concludes the remainder of the time, .2 hours, should also be allocated to the administrative task of joining both Parties on the line and contacting the court.

    Furthermore, the court did not award Plaintiff the costs associated with filing the instant Motion for Fees, only the costs and fees associated with the underlying Motion to Compel.[2]  [#21 at 3].  Therefore, the fees associated with the 5.2 hours (July 30, 2015 - .3; August 6, 2015 - .5; August 7, 2015 – 1.3; and August 10, 2015 – 3.1) expended reviewing the court's prior Order and the filing of the instant Motion for Fees are not recoverable.

    Plaintiff's counsel's descriptions, in some instances, also reflect tasks related to more than one issue, or  more than one task assigned to a particular time entry (a practice known as "block-billing").  For instance, the entry for July 6 included "Prepared e-mail to Mr. Vaden requesting he call me to discuss issue relating to the extent of the inspection and Plaintiff's proposed amendment to Complaint re: lack of roll-in shower."  [#22 at 2].  Another entry states, "Prepared e-mail to Edwin Vaden to again request his written consent to Plaintiff's proposed Amended Complaint and to confirm accuracy provided on the phone re: permitted extent of Rule 34 inspection and requested timetable for discovery responses."  The Tenth Circuit has noted that "[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by

_____

[2] In any case, the costs associated with the review of the court's order and the associated fees seems disproportionate to the substance of the motion.

submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). Because Plaintiff has failed to carry his burden to provide the information necessary to sufficiently separate the time spent on the unrelated issues, the court will also disregard those time entries from July 6, 2015 (.2); July 7, 2015 (.3); July 8, 2015 (.3); July 9, 2015 (.4), totaling 1.2 hours.

The remainder of the billing entries appear to be appropriately associated with the conferral related to the Rule 34 inspection, the telephonic discovery conference, and the preparation of the formal discovery motion. Therefore, the court finds that 9.7 hours is the number of hours reasonably spent by Plaintiff's counsel to raise and resolve the issue of the Rule 34 Inspection.

## II.     Reasonable Rate

As to the hourly rate, the court looks to what the evidence shows that the market commands for civil rights or analogous litigation. *See Burch v. La Petite Academy, Inc.*, 10 F. App'x 753, 755 (D. Colo. 2001). Mr. Fuller claims that his rate of $425 per hour is justified based on his practice "for the last approximately fifteen (15) years to represent disabled individuals and advocacy groups to enforcing their rights under Title II [] and Title III [] of the ADA." [#22 at 3]. Counsel cites to *Colorado Cross-Disability Coalition v. Abercrombie & Fitch*, Civil Action No. 09-cv-2757, 2014 WL 793363 (D. Colo. Feb. 26, 2014) as evidence that his rate is reasonable for his level of expertise in the Denver market. [*Id.* at 4]. Plaintiff also cites to decisions from other courts where this specific counsel or law firm has been awarded

fees at its full rate. [*Id.*]  While the court finds those data points instructive, it does not find them dispositive in this case.

With respect to lead counsel's rate in the *Colorado Cross-Disability Coalition* case, that case was a class action that demanded more from counsel than a single plaintiff, single location case and involved counsel with over 25 years of relevant experience, rather than 15.  In addition, the fact that other jurisdictions have approved counsel's rate is inapposite as to whether $425 per hour is within an acceptable range of "local market rate," *i.e.*, Denver, Colorado.  Because Plaintiff's counsel submitted no evidence to support his position that the rate of $425 per hour is acceptable, the court considers the information contained in the Colorado Bar Association's 2012 Economic Survey.  The average rate for a civil rights attorney in 2011, the last full reporting year, was $310, with the median at $345. Colorado Bar, *2012 Economic Survey Snapshot*, at Exhibit 11.[3]  The average rate for an attorney with 16 to 25 years of experience was $245 per hour, with a median rate at $250 per hour.  *Id.* at Exhibit 12.  Using this information, the court concludes that a reasonable rate for Plaintiff's counsel is $310 per hour.

Using the reasonable time expenditure of 9.7 hours at a reasonable rate of $310 per hour, the court arrives at the lodestar calculation of $3,007.00.  The court further adjusts this calculation downward by 25 percent, consistent with the expectation that a more junior attorney could have appropriately researched and drafted the Motion to Compel, given its discrete and straightforward nature.

---

[3]

http://www.cobar.org/repository/LPM%20Dept/Economic%20Survey/Snapshot%20Final%20Report.pdf.

**CONCLUSION**

For the reasons set forth herein, **IT IS ORDERED** that:

(1)     Plaintiff's Motion for Application of Attorney's Fees [#22] is **GRANTED IN PART, and DENIED IN PART**; and

(2)     Plaintiff is awarded attorney's fees in the amount of **$2,255.25,** payable within 60 days of this Order.

DATED: November 5, 2015                          BY THE COURT:

s/ Nina Y. Wang
Nina Y. Wang
United States Magistrate Judge